UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 11-52 |
| | ) | |
| V. | ) | |
| | ) | |
| MEREDITH L. LAWRENCE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Meredith Lawrence's *pro se* motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83, 83 (1963). [Record No. 121] Lawrence claims that the government failed to disclose favorable evidence, thereby prejudicing his defense, and requests an evidentiary hearing on the issue. Having considered the record, the Court concludes that neither an evidentiary hearing nor a new trial is warranted.

**I.**

Following a jury trial, Lawrence was convicted of three counts of filing false tax returns in violation of 26 U.S.C. § 7206(1), stemming from his failure to report income earned from multiple sources during the 2003-2006 tax years. [Record No. 47] Lawrence was sentenced to 27 months of incarceration, followed by one year of supervised release. [Record No. 87] Lawrence promptly appealed to the United States Court of Appeals for the Sixth Circuit. However, his conviction was affirmed and Lawrence's subsequent petition for certiorari was denied by the United States Supreme Court. [Record Nos. 117, 120] The

defendant's current motion alleges newly discovered evidence and the improper suppression of favorable evidence at trial. [Record No. 121]

## II.

"The question of whether to decide [the] motion on the supporting evidence filed with the motion or to hold an evidentiary hearing is within the discretion of the trial court." *United States v. O'Dell*, 805 F.2d 637, 642 (6th Cir. 1986). Here, there is no need for an evidentiary hearing because there is no evidence from which the undersigned could conclude that the government violated its duty to disclose all material exculpatory evidence in its possession to the defendant prior to trial. Likewise, there is no evidence to support Lawrence's claim that the United States in prosecutorial misconduct. As a result, Lawrence's request for an evidentiary hearing will be denied.

## III.

Under Rule 33 of the Federal Rules of Criminal Procedure, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Motions "grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1). A motion on any other ground "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

To fulfill its due process obligations, the government must disclose any favorable evidence before trial. *Brady v. Maryland*, 373 U.S. at 83. In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective

of the good faith or bad faith of the prosecution." *Id.* at 87. The essential elements of a *Brady* claim for the government's nondisclosure of evidence are: (i) evidence favorable to the accused, either exculpatory or impeaching; (ii) the evidence was suppressed by the government, either willfully or inadvertently; and (iii) resulting prejudice. *Banks v. Dretke*, 540 U.S. 668, 691 (2004). A defendant is prejudiced when there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995).

Similarly, motions for a new trial based on newly discovered evidence under Rule 33 are viewed with great caution. For the Court to grant a new trial on these grounds, the defendant bears the burden of establishing that the evidence: (i) was discovered after trial; (ii) could not have been discovered earlier with due diligence; (iii) is material and not merely cumulative or impeaching; and (iv) would likely produce an acquittal if the case were retried. *United States v. Kenny*, 505 F.3d 458, 462 (6th Cir. 2007). Lawrence argues that the government suppressed *Brady* material – information that was favorable to his defense – and violated Rule 33 in two ways: (i) withholding amended tax returns suggesting that Lawrence "had in fact overpaid his federal taxes" in the relevant years and (ii) failing to disclose impeachment evidence regarding government's witness Donna Bond.

    A.    <u>Amended Tax Returns</u>

Following his conviction, Lawrence retained a Certified Public Accountant ("CPA") to prepare and file amended tax returns for the years related to his charges. According to Lawrence, the CPA "determined Defendant had significantly overstated his adjusted gross income on each indicted years' 1040 return and had in fact overpaid his federal taxes in each year." [Record No. 121, p. 2] This purported "determination" was made in 2014. [*Id.*]

Relying on the CPA's findings, Lawrence argues that the amended returns constitute newly discovered evidence warranting a new trial under Rule 33.

Rule 33 requires that the evidence – not merely the legal implications of the evidence – be newly discovered. As the government correctly points out in its response, the tax returns cited by Lawrence do not constitute not "newly discovered evidence." Instead, they are post-trial documents created by the defendant that, at most, constitute an opinion. *See Barrow v. United States*, 1997 U.S. App. LEXIS 3401, at *6 (6th Cir. 1997) (Defendant's re-calculated tax returns were not "newly discovered evidence."). In essence, the defendant is attempting re-litigate his case by hiring a new expert to re-interpret the legal significance of evidence that was available and presented during trial: Lawrence's 2003-2006 tax returns. Moreover, Lawrence has not shown that the same evidence could not have been discovered earlier with due diligence. There is no reason why the defendant's trial team and tax experts could not have made the same calculations prior to his criminal trial. Thus, the amended tax returns do not suffice under Rule 33 to warrant a new trial.

In the alternative, Lawrence argues that the amended returns constitute material, exculpatory evidence that was withheld by the government in violation of *Brady*. However, because the returns were not available to anyone, including the prosecution, until 2014, the government could not have disclosed them in time for use at trial. Thus, they were not evidence improperly suppressed under *Brady*. *See United States v. Jones*, 399 F.3d 640 (6th Cir. 2005) (evidence that did not exist at the time of the trial was not *Brady* material).

Even assuming *arguendo* that the tax returns constitute improperly suppressed or newly discovered evidence, there is no reasonable possibility of a different outcome and the returns cannot justify a new trial. In light of the large volume of evidence presented during

-4-

the two-week jury trial supporting the defendant's guilt, the inclusion of the tax returns, which were based on "additional data […] provided by [the defendant] and his staff," [Record No. 121-4, p. 4] would not result in a different outcome. Accordingly, neither *Brady* nor Rule 33 requires a new trial under these circumstances.

  B.  IRS Reward

Lawrence also claims that the prosecution failed to disclose the monetary informant's reward offered by the Internal Revenue Service ("IRS"). Specifically, Lawrence contends that prosecution witness Donna Bond submitted IRS Form 211 (Application for Reward for Original Information) and that the defendant was prejudiced by the non-disclosure for impeachment purposes at trial in violation of *Giglio v. United States*, 405 U.S. 150 (1972).

Although Lawrence correctly notes that *Brady* violations include withheld evidence that could be used to impeach the credibility of witnesses, the prosecution does not violate *Brady* if the defendant knew or should have known the essential facts permitting him to take advantage of the information in question or if the information was available from another source. *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000). Contrary to Lawrence's contentions, information regarding the IRS reward was not only publicized, but was given to defense counsel *and used at trial*.

Robert Carran, Lawrence's trial counsel, has produced an affidavit confirming his receipt of Bond's Form 211 and referral to the IRS. [Record No. 26-1] In fact, Carran avers that "prior to the trial" he was "specifically aware of the fact that Donna Bond had applied for a reward." [*Id.*, p. 2] Moreover, during Lawrence's trial on June 27, 2012, Carran cross-examined Bond regarding the reward. [Record No. 65] When asked about her motive to come forward with information, Bond admitted that the government "will compensate you,

me, you, whoever turns in or turns in information to the IRS about a taxpayer. Now, they will give you a reward if taxes – back taxes, penalties, whatever is collected. You find that information on the Internet. Everybody knows about it." [*Id.*, p. 43] Because this information was neither newly-discovered nor suppressed by the government at trial, the circumstances do not amount to either a Rule 33 or *Brady* violation.

## IV.

For the reasons stated above, Lawrence's motion is without merit. Accordingly, it is hereby

**ORDERED** that Defendant Meredith Lawrence's motion for a new trial and request for a hearing [Record No. 121] are **DENIED**. Any other miscellaneous relief requested in his motion is also **DENIED**.

This 2nd day of February, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge